UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ST. ANN,

       Plaintiff

v.

TODD MCLEAN, *et al.*,

       Defendants.
_____/

Case No. 5:15-11770
District Judge Judith Levy
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS (DE 37)

This matter is before the Court for consideration of *pro se* Plaintiff David St. Ann's motion for production of documents. (DE 37.) For the reasons that follow, Plaintiff's motion is **DENIED AS PREMATURE**.

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this lawsuit under 42 U.S.C. § 1983 against various correctional officials, originally alleging claims regarding his remaining at Level IV (or maximum security/ disciplinary unit) following the February 14, 2014 expiration of his detention and loss of privileges. The Court has granted in part Defendants' motion for summary judgment (DE 29), which resulted in the dismissal of many of Plaintiff's original causes of action. Recently, however, the Court granted Plaintiff's second motion

for leave to amend his complaint, which added another Defendant and a retaliation cause of action. (DE 30.)

Plaintiff filed this motion for production of documents on December 5, 2016. (DE 37.) In his motion, he asks Defendants to provide him with various items, such as incident reports and misconduct tickets. However, though styled a motion, DE 37 is actually a request for production of documents directed to Defendants pursuant to Fed. R. Civ. P. 34. Rule 34 requires a party to request documents, after which the party to whom the request is made has thirty days to either provide the documents or to object to doing so, with reasons given as to the grounds for the objection(s). This stage of the process does not involve the Court, meaning that Plaintiff's motion is prematurely filed as Defendants have not yet responded to the discovery requests (nor has the time for doing so under Rule 34 expired). In short, as a general matter, the Court should not be involved in routine discovery requests.

If Plaintiff is dissatisfied with Defendants' forthcoming Rule 34 response(s), he must confer in good faith with Defendants' counsel to attempt to resolve amicably the dispute(s) before seeking relief from the Court. *See* Rule 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or

party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Rule 37.1 ("With respect to all motions to compel discovery, counsel for each of the parties or a party without counsel shall confer in advance of the hearing in a good faith effort to narrow the areas of disagreement. *** It shall be the responsibility of counsel for the movant or a party without counsel to arrange for the conference."). In addition, my Practice Guidelines, available at www.mied.uscourts.gov, also contain detailed instructions on what actions parties must take both prior to and after a motion to compel is filed. Plaintiff is cautioned that his *pro se* status does not excuse him from complying with all applicable Federal Rules of Procedure, Federal Rules of Evidence, Local Rules and the Practice Guidelines of the presiding judicial officers.

Because there is no actual controversy or discovery dispute necessitating action by the Court, Plaintiff's motion for production of documents is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 14, 2016   s/Anthony P. Patti
　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 14, 2016, electronically and/or by U.S. Mail.

　　　　　　　　　　　　　　s/Michael Williams
　　　　　　　　　　　　　　Case Manager for the
　　　　　　　　　　　　　　Honorable Anthony P. Patti