UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ST. ANN,

    Plaintiff

v.

TODD MCLEAN, DEAN
POTILA, SAM MORGAN,
THOMAS HAYNES, and
KELLY BUCZEK,

    Defendants.
_____/

Case No. 5:15-CV-11770
District Judge Judith Levy
Magistrate Judge Anthony P. Patti

# ORDER (1) DENYING PLAINTIFF'S MOTION TO REQUEST ADDITIONAL INTERROGATORIES (DE 43) AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR STAY OF DEFENDANTS' MOTION/BRIEF FOR SUMMARY JUDGMENT AND ADDITIONAL REQUEST FOR EXTENSION OF TIME FOR RETRIVAL [SIC] OF DISCOVERY (DE 44), AND PLAINTIFF'S SECOND MOTION FOR STAY OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DE 47)

**A.**     **Background**

Plaintiff David St. Ann (#741290) is a state prisoner currently incarcerated at the Michigan Department of Corrections (MDOC) Muskegon Correctional Facility (MCF). On May 15, 2015, while incarcerated at the MDOC's Saginaw Correctional Facility (SRF) in Freeland, Michigan, Plaintiff filed the instant lawsuit *pro se* against (1) "Arus" McLean, described as an SRF Assistant Resident

Unit Supervisor (ARUS); (2) "RUM" Zummer, described as an SRF Resident Unit Manager (RUM); (3) "Arus" Polita,[1] described as an SRF ARUS; and (4) Obell Winn, described as the SRF Warden. (*See* DE 1).

On November 6, 2015, this Court entered an order granting Plaintiff's motion to amend and directing the Clerk of the Court to delete Defendants Zummer and Winn but add Defendants Morgan and Haynes, both described as an SRF ARUS. (DEs 5, 8.) On October 4, 2016, Judge Levy entered an opinion and order denying Plaintiff's objection and adopting my report and recommendation to grant in part and deny in part Defendants' motion for summary judgment. (*See* DEs 16, 27, 28, 29). As a result of that order, Plaintiff's only remaining claims were those against Defendants McLean, Potila, Morgan and/or Haynes "which concern the *limited* subject of plaintiff remaining at Level IV (or maximum security/disciplinary unit) following the February 14, 2014 expiration of his detention and loss of privileges[.]" (DE 29 at 4.)

On October 31, 2016, this Court entered an order granting Plaintiff's second motion to amend the complaint and directing the Clerk of the Court to add Defendant Buczek and Count IV against Defendant Buczek for retaliation in violation of the Eighth and Fourteenth Amendments. (DEs 24, 25, 30.) On December 14, 2016, the Court entered a Scheduling Order, providing, in pertinent

---
[1] The Court notes that this Defendant has been referred to as both "Polita" and "Potila" interchangeably throughout the various filings in this matter.

2

part, that discovery must be completed on or before June 14, 2017, and that the parties shall file dispositive motions by July 14, 2017. (DE 40.) The dispositive motion deadline was subsequently extended to August 11, 2017, on motion by Defendants. (DE 46.)

On August 11, 2017, Defendants McLean, Potila, Morgan, Haynes and Buczek filed their motion for summary judgment. (DE 48.) Plaintiff filed a 93-page response to that motion on September 18, 2017, and 267 pages of exhibits/attachments. (DEs 50, 51.)

**B.    The Instant Motions**

Currently before the Court is Plaintiff's March 22, 2017 motion to request additional interrogatories, in which he seeks leave to serve additional interrogatories on all Defendants beyond the "25 interrogatory limit." (DE 43.) Plaintiff also filed a June 7, 2017 motion for extension of time for discovery and to "Stay Defendants' Motion/Brief for Summary Judgment," in which he states that he is awaiting additional discovery and asks to "extend time for retrival [sic] of discovery (three months)" and to stay Defendants' motion for summary judgment until September 14, 2017. (DE 44.) On August 4, 2017, Plaintiff filed a second motion to stay Defendants' motion for summary judgment, asking the Court to stay Defendants' motion for summary judgment until March 14, 2018 for the reasons stated in his first motion and "in order to further gather discovery pursuant to Fed.

3

R. Civ. P. 56(f), and to fully undergo convalesce [sic] due to hospitalization and surgery." (DE 47.) Defendants have not responded to Plaintiff's motions.

**C.     Analysis**

    **1.     Plaintiff's Motion to Request Additional Interrogatories is DENIED**

Plaintiff requests to serve additional interrogatories on Defendants and states that "due to the 25 interrogatory limit, [he] was restricted from asking these additional questions." (DE 43 at 1-2.)

Federal Rule of Civil Procedure 33 permits a party to serve no more than twenty-five written interrogatories, including all discrete subparts, on any other party without leave of court. Fed. R. Civ. P. 33(a)(1). It is within the Court's broad discretion to determine the proper scope of discovery, including the number of interrogatories any party may serve. Fed. R. Civ. P. 26(b)(2). However, Rule 26(b)(2)(C) requires a court to limit discovery if: (1) the requested discovery is unreasonably cumulative or duplicative or can be obtained from a more convenient or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense outweighs the likely benefit of the discovery. Fed. R. Civ. P. 26(b)(2)(C). Leave to serve additional interrogatories has been denied where the requesting party failed to make a "particularized showing" why the additional discovery is necessary. *See Burket v. Hyman Lippitt, P.C.*, No. 05-72110, 05-72171, 05-72221,

4

2007 WL 2421136, at *1 (E.D. Mich. Aug. 23, 2007) (Majzoub, MJ) (noting that "[a]n important factor in the Court's consideration of such a request is whether the party has shown the specific content of the additional interrogatories that it seeks to serve"); *see also Aluma-Form, Inc. v. Geotek, LLC*, No. 13-cv-2028-JPM/tmp, 2014 WL 12607091, at *2 (W.D. Tenn. Apr. 4, 2014) (collecting cases stating that the party seeking leave to serve additional interrogatories must make a "particularized showing" as to why the additional discovery is necessary).

Here, Plaintiff has not addressed the criteria set forth in Rule 26(b)(2)(C), nor has he made the particularized showing necessary to support his motion. Also significant to the Court's analysis is the fact that Plaintiff has not presented to the Court the number of interrogatories he wishes to propound nor the content of those interrogatories. Accordingly, the Court is not in a position to determine that the requested information is necessary to prove Plaintiff's claims. Instead, he makes vague and conclusory statements that "[n]ewly recent information has been disclosed through the discovery process … that requires additional answers," Defendant's responses to interrogatories have been "vague" and "in need of clarification," and Plaintiff has "additional questions that he would like to ask[.]" (DE 43 at 1-2.) Plaintiff's motion to request additional interrogatories (DE 43) is accordingly **DENIED**.

2. **Plaintiff's Motions for Stay of Defendants' Motion for Summary Judgment and to Extend Time for Discovery (DEs 44, 47),**

**Construed in Part as Motions to Compel, are GRANTED IN PART and DENIED IN PART**

Plaintiff filed a motion for stay of Defendants' motion for summary judgment and to extend time for discovery "pursuant to Fed. R. Civ. P. 56(f)"[2] and Rule 16(b)(4) on June 7, 2017, and a second motion for stay of Defendants' motion for summary judgment on August 4, 2017. (DEs 44, 47.) Plaintiff's motions request an extension of the time for discovery and to file a motion for summary judgment pursuant to Fed. R. Civ. P. 16(b)(4). Plaintiff asserts in his June 7, 2017 motion that he is "awaiting additional affidavits from various witnesses," requesting "clearer/better pictures," "awaiting additional discovery that was requested through subpoenas," "is still in the process of waiting for additional discovery" from a FOIA request, and that he would file a motion to compel "[a]fter all of the above mentioned avenues are exhausted[.]" (DE 44 at 1-4.) He states in his August 4, 2017 motion that "Defendants' unwillingness to provide him with discovery material and unwillingness to cooperate with the discovery process/procedures of this Court's Scheduling Order … has led to Plaintiff's inability to fully acquire the necessary information/material in order to fully gather evidence and draft *his* motion for summary judgment." (DE 47 at 7) (emphasis added).

---

[2] Federal Rule of Civil Procedure 56 was amended effective December 1, 2010 and one of the revisions was moving the provision that was Rule 56(f) into its current location as Rule 56(d). Fed. R. Civ. P. 56, 2010 Amendment comments.

The Court first notes that there was no motion for summary judgment *pending* at the time Plaintiff's motions for stay were filed on June 7, 2017 and August 4, 2017. Accordingly, Plaintiff's motions cannot be considered as Rule 56(d) motions. *See Dennis v. Canadian Nat'l Ry. Co.*, No. 09-2312-BBD-cgc, 2011 WL 13161589, at *3 n.3 ("That paragraph does not constitute a Rule 56(f) affidavit because it was executed months before the summary judgment motion was filed and does not address the discovery provide by IC in the intervening time."). Rather, Defendants filed their motion for summary judgment on August 11, 2017. (DE 48.) Plaintiff responded to that motion for summary judgment on September 18, 2017 with a 93-page response brief and 267 pages of exhibits/attachments. (DEs 50, 51.) Tellingly, Plaintiff did not file a Rule 56(d) (formerly Rule 56(f)) affidavit in response to Defendants' motion for summary judgment indicating that he needs further discovery to develop the issues addressed in the motion or otherwise to respond to the motion. Accordingly, Defendants' motion for summary judgment (DE 48) is ripe and ready for consideration by the Court. To the extent Plaintiff's motions (DEs 44, 47) are motions to stay consideration of Defendants' motion for summary judgment (DE 48), those motions are **DENIED**.

The Court finds that Plaintiff's motions here (DEs 44, 47) are more properly construed as motions to compel discovery responses and to extend the time for Plaintiff to file *his* motion for summary judgment. (See DE 47 at 7 ("this has led to Plaintiff's inability to fully acquire the necessary information/material in order to fully gather evidence and draft *his* motion for summary judgment") (emphasis added)). First, addressing the construed motions to compel, in light of Plaintiff's extensive response to Defendants' motion for summary judgment filed September 18, 2017, and the voluminous exhibits filed by Plaintiff in support of his response, it is not clear to the Court whether Plaintiff is still awaiting responses or responsive documents to any of his discovery requests, or if Plaintiff has received all of the discovery he sought within the Scheduling Order's discovery deadline. Further, as noted above, Plaintiff did not file a Rule 56(d) affidavit in response to Defendants' motion for summary judgment indicating that he needs further discovery to develop the issues addressed in Defendants' motion, and that motion is ready for consideration by the Court. In any event, noting that Defendants have not filed a response to either of Plaintiff's motions, and to the extent Plaintiff contends that he is awaiting timely requested discovery and/or documents needed to support *his* motion for summary judgment, the Court will **GRANT in part** Plaintiff's construed motions to compel and order Defendants to supplement any outstanding

discovery responses within three weeks, or by **December 19, 2017**, unless the discovery requests at issue are already complete.

Second, addressing Plaintiff's motions to extend the time to file *his* motion for summary judgment, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(a)(4). To the extent any of Plaintiff's claims survive Defendants' pending motion for summary judgment currently under consideration by the Court, the Court finds that Plaintiff will have satisfied the "good cause" showing required to extend the deadline to file *his own* motion for summary judgment. Accordingly, if Judge Levy ultimately decides to deny Defendants' motion for summary judgment after considering my report and recommendation (DE 48), Plaintiff may file his own motion for summary judgment no later than 21 days thereafter.

**IT IS SO ORDERED.**

Dated: November 28, 2017
                                       s/Anthony P. Patti
                                       Anthony P. Patti
                                       UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on November 28, 2017, electronically and/or by U.S. Mail.

                                       s/Michael Williams
                                       Case Manager for the
                                       Honorable Anthony P. Patti